Argued July 26, affirmed August 17, 1977

In the Matter of James Shannon Mattila, a minor
child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY, *Respondent,*
*v.*
MATTILA, *Appellant.*
(No. 58-969, CA 8044)
567 P2d 620

John J. Herbrand, Portland, argued the cause and
filed the brief for appellant.

Kathleen Dahlin, Certified Law Student, Salem,
argued the cause for respondent. With her on the brief
were James A. Redden, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and
Lee, Judges.

PER CURIAM.

## PER CURIAM.

Our de novo review of the proceeding below which resulted in an order of the juvenile court remanding the defendant to adult court leads us to the conclusion that the court's order is accurate, complete and correct. We adopt it:

"* * * * *

"It further appearing to the Court, and the Court finding, that retaining Juvenile Court jurisdiction will not serve the best interests of the above-named child because said child is not amenable to rehabilitation in facilities or programs available to the Court, based upon the following facts:

"1. James is charged with five serious crimes, three counts of Robbery, one count of Burglary and one count of Unauthorized Use of a Motor Vehicle.

"2. In the three Robbery charges an unloaded gun was used with reckless disregard of the safety of the victims.

"3. All of the Robberies were well planned, sophisticated and executed with boldness. In each case the robber took complete command of the banks and the employee-victims. James appears to have been the leader or master-mind.

"4. The robber was well versed in bank safety practices and appeared to know of the method by which surveillance devices could be triggered.

"5. There is probable cause to believe that James was involved in all five charges.

"6. Although James is only 16 years of age, he is physically mature; he has been beyond the control of his custodial parent for about two years and since the Fall of 1976 has been living independently of his parents.

"7. James exhibits no remorse for his actions.

"8. While James has not been before this or any other Juvenile Court in the past, the rehabilitative processes of the Juvenile Justice System do not appear to be appropriate for a person demonstrating the sophistication and independence that James has.

"* * * * *"

Affirmed.